**FILED**

DEC 0 1 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>DWAYNE DOLLISON JR. and<br>GREGORY RENDON-DUARTE,<br><br>      Defendants. | Case No. A05-0087 CR (RRB)<br><br>**ORDER DENYING<br>MOTION TO SUPPRESS** |
|---|---|

      Before the Court is Defendant Dollison with a Motion to Suppress at Docket 12. Having reviewed Magistrate Judge Roberts' Report and Recommendation Re: Defendant's Motion to Suppress (Docket No. 12), in conjunction with the parties' respective pleadings, the Court hereby adopts the same in part. The Court agrees with the Magistrate Judge that Defendant Dollison's statement to Officer Roberts that he wanted to use a telephone to call his attorney was an unambiguous request for counsel. However, the Court agrees with the Government that the analysis cannot end at this point.

"[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights . . . unless the accused himself initiates further communication, exchanges, or conversation with the police." Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). The burden remains on the prosecution to demonstrate a waiver of the accused's right to have counsel present after an initial invocation of counsel. Oregon v. Bradshaw, 462 U.S. 1039, 1044 (1983).

For an accused to initiate further communication, the inquiry must relate directly or indirectly to the investigation. Id. at 1045. The Supreme Court held that an accused's statement of, "Well, what is going to happen to me now" is an initiation of further conversation. Id. However, inquiries such as a request for a drink of water or a request to use a telephone are so routine that they cannot represent an accused's desire to communicate further with the investigators. Id.

Here, Dollison was very vocal after being placed in the interrogation room. During the evidentiary hearing, there was testimony about Dollison yelling that he wanted to talk with someone, asking questions about why he was there and what the charges were, and generally yelling from the interview room. Docket No. 25 at 8-25. These statements relate to the

investigation and are not routine inquiries. Thus, it was Dollison who initiated further communication with the investigators, and not police-initiated custodial interrogation. Defense counsel provided no support for the argument that "[s]eeking information regarding the charges against him does not constitute an 'initiation' of further communications." Docket No. 31 at 5. Further, Dollison did more than just ask for information on the charges against him. He wanted to know the evidence against him, why he was arrested, and explain that he was the victim. Docket No. 25 at 6-7.

While there was not a long time delay between requesting counsel and initiating communication with the investigators, there is no such temporal requirement. In a situation such as this one, where a defendant requests counsel and immediately thereafter requests to speak with the investigators, the danger of police badgering a defendant into waiving his right to counsel is reduced. See Michigan v. Harvey, 494 U.S. 344, 350 (1990)("*Edwards* thus established another prophylactic rule designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights."). In this case, there was no time for badgering as there was no delay between the Defendant's request for counsel and his requests to talk with the investigators.

As it was the Defendant who initiated the conversation in this case, the Court must next consider, "whether a valid waiver of the right to counsel and the right to silence had occurred, that

is, whether the purported waiver was knowing and intelligent and found to be so under the totality of the circumstances, including the necessary fact that the accused, not the police, reopened the dialogue with the authorities." Bradshaw, 462 U.S. at 1046. The totality of the circumstances includes "the background, experience, and conduct of the accused." Id. Here, the totality of the circumstances indicates that the waiver was knowing and intelligent. Dollison had been previously arrested and was familiar with his rights, including the right to counsel. Docket No. 25 at 101. The police made no threats and spoke with Dollison after Dollison initiated the conversation. Lastly, Defendant was given his Miranda rights, including the right to counsel, before the conversation progressed.

For the reasons stated herein, the Defendant's Motion to Suppress (Docket No. 12) is **DENIED.**

ENTERED this 30th day of November, 2005.

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

PD 12-1-05 T/C notified counsel

A05-0087--CR (RRB)          MAGISTRATE JUDGE ROBERTS
-----------------------------------
A. BEISWENGER
D. DATTAN (DATTAN)
K. FELDIS (US ATTY)

ORDER DENYING MOTION TO SUPPRESS - 4
A05-0087 CR (RRB)