FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -2 AM 11: 07

PO

TIMOTHY M. BURGESS
United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. A05-0087-01 CR (RRB) |
| Plaintiff, ) | **MOTION FOR ORDER COMPELLING PRODUCTION OF DNA SAMPLES** |
| v. ) | |
| DWAYNE DOLLISON JR., ) | **Filed on Shortened Time** |
| Defendant. ) | |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby moves this Court on shortened time for an order compelling defendant Dwayne Dollison to provide DNA samples under the supervision of law enforcement agents.

The State of Alaska Scientific Crime Detection Laboratory has just informed the United States that it has obtained forensic DNA suitable for

36

comparison from a Llama .45 handgun found on the front passenger floor of the car driven by Mr. Dollison at the time of his arrest in this case. This handgun was found within close proximity to Dollison. The lab ran this sample through the combined DNA indexing system (CODIS) and received a positive hit for Mr. Dollison. A current known DNA sample is now requested by the laboratory so that they can conduct their own confirming comparison.

The defendant is currently charged with two counts of being a felon in possession of two separate firearms. Count 1 charges him with possessing a Springfield .40 caliber handgun on September 1st. Count 3 charges him with possessing a Hi-Point .45 caliber handgun that was found under the front driver's seat of the car he was driving on September 2nd. The Llama .45 caliber handgun was found by police on the front passenger seat floor of the car he was driving at the time of Dollison's arrest. The United States seeks to introduce the DNA evidence linking Dollison to the Llama both in support of the current two felon in possession charges and in support of an additional felon in possession charge for possessing the Llama.

DNA samples are among a category of personal identifying characteristics that are non-testimonial in nature. As such, no Fifth Amendment protection applies. See Shaffer v. Saffle, 148 F.3d. 1180, 1181 (10th Cir. 1998). Like handwriting exemplars, the Court may compel a defendant to provide law

enforcement with DNA samples. Gilbert v. California, 388 U.S. 263, 266-67, 87 S.Ct. 1951, 1953-54, 18 L.Ed.2d 1178 (1967) (handwriting is identifying physical characteristic that lies outside the Fifth Amendment's protection against compulsory self-incrimination); United States v. Dionisio, 410 U.S. 1, 5-6, 93 S.Ct. 764, 767, 35 L.Ed.2d 67 (1973); see also Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910) (defendant required to put on a piece of clothing); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1965) (required to give a blood sample); United States v. Wade, 388 U.S. 218, 222, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149 (1967) (required to speak the bank robber's words); United State v. Dionisio, 410 U.S. 1, 5-7, 93 S.Ct. 764, 767-68, 35 L.Ed.2d 67 (1973) (required to furnish voice exemplars); In re Doe, 860 F.2d 40, 46-47 (2nd Cir. 1988) (required to provide fingerprints); United States v. Hammond, 419 F.2d 166, 168 (4th Cir. 1969) (required to wear a false goatee similar to that of the bank robber); United States v. Roberts, 481 F.2d 892 (5th Cir. 1973) (required to put on a stocking mask worn during a bank robbery); United States v. Domina, 784 F.2d 1361, 1371 (9th Cir. 1986) (required to don a mask similar to that worn by a robber); United States v. Valenzuela, 722 F.2d 1431, 1433 (9th Cir. 1983) (required to shave facial hair in order to be clean shaven like

the ban robber); United States v. Bay, 762 F.2d 1314, 1315016 (9th Cir. 1985) (required to display tattoos for comparison with a description of the bank robber).

Requiring the defendant to provide a DNA swab sample also does not raise a Fourth Amendment issue. The Fourth Amendment's proper function is to prevent against unreasonable searches and seizures, not to constrain against all intrusions. Reasonable intrusions may be justified in light of diminished expectations of privacy, the circumstances under which the intrusion is made, or the nature of the intrusion itself. The question in this case is whether it is reasonable to require the defendant to submit to a quick cotton swab of his mouth while in jail awaiting trial for the purposes of allowing the lab to conduct confirming DNA tests on DNA that has already been matched in CODIS to the defendant.

Here, the Fourth Amendment analysis weighs in favor of allowing investigators to take such a DNA swab. First, the intrusion is minimal and is akin to submitting to fingerprinting. In this case it is not necessary to draw blood. See generally United States v. Kincade, __ F.3d __, 2004 WL 1837840 (9th Cir. August 18, 2004) (holding that law requiring certain federal offenders on parole, probation and supervised release to submit compulsory blood samples for DNA database did not violate Fourth Amendment). Rather, the DNA sample is taken in

a matter of seconds using a cotton swab. Second, a defendant's expectation of privacy is decreased when he is in jail after having been indicted on federal felony offenses. Third, there is a legitimate and reasonable law enforcement purpose to taking the DNA sample in this case.

The relevance of a DNA match cannot be seriously disputed. As noted above, everyday "booking" procedures routinely require those accused of crimes to provide fingerprint identification, regardless of whether investigation of the crime involves fingerprint evidence. Rise v. State of Oregon, 59 F.3d 1556 (9th Cir. 1995); See Smith v. United States, 324 F.2d 879, 882 (D.C.Cir.1963) (Burger, J.) ("it is elementary that a person in lawful custody may be required to submit to ... fingerprinting ... as part of the routine identification processes"); Napolitano v. United States, 340 F.2d 313, 314 (1st Cir. 1965) ("Taking fingerprints [prior to bail] is universally standard procedure, and no violation of constitutional rights."). Thus, in the fingerprinting context, there exists a constitutionally significant distinction between the gathering of fingerprints from free persons to determine their guilt of an unsolved criminal offense and the gathering of fingerprints for identification purposes from persons within the lawful custody of the state. The same analysis must hold true in the context of a taking a cotton swab from a defendant charged with serious crimes.

The instant motion is filed on shortened time because the trial is scheduled to begin no later than December 9, 2005.

Based upon the above authority, the United States respectfully requests an order on shortened time directing that Dwayne Dollison, Jr. provide DNA samples under the supervision of law enforcement agents. Defendant's failure to obey such an order is punishable as a criminal contempt. United States v. Hammond, supra, 419 F.2d at 168.

RESPECTFULLY SUBMITTED this 2nd day of December, 2005, in Anchorage, Alaska.

                                      TIMOTHY M. BURGESS
                                      United States Attorney

                                      KEVIN FELDIS
                                      Assistant U.S. Attorney

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on December 2, 2005, via:

( ✔ ) FAX

Allan Beiswenger
Attorney at Law
1101 W. 7th Avenue
Anchorage, AK  99501
Fax: (907) 258-6419

Executed at Anchorage, Alaska, on December 2, 2005.

_____
Office of the U.S. Attorney